IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 7:14-CV-40-BO

| | |
|---|---|
| STAFFIONEY CAMPBELL,<br>    Plaintiff,<br><br>v.<br><br>SOUTHEASTERN REGIONAL MEDICAL,<br>CENTER, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    **O R D E R**<br>)<br>) |

This matter is before the Court on defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 10 [DE 23] and plaintiff's motion to amend her complaint [DE 31]. The motions are ripe for adjudication. For the reasons stated herein, defendants' motion to dismiss is GRANTED and plaintiff's motion to amend is DENIED AS FUTILE.

## BACKGROUND

Plaintiff, Ms. Campbell, initiated this action by filing a *pro se* complaint and a request to proceed *in forma pauperis* with the Court on February 24, 2014. On March 7, 2014, the Court granted plaintiff's request to proceed *in forma pauperis*. Plaintiff brings a race-based claim of employment discrimination against defendant under Title VII of the Civil Rights Act of 1964 (Title VII). While the complaint is somewhat unclear as to plaintiff's theories of employment discrimination, they appear to be based on a hostile work employment, retaliation, and disparate treatment. Defendants move to dismiss plaintiff's complaint as to the individual defendants alleging that Title VII does not provide for claims against them, and as to all defendants alleging failure to state a claim upon which relief can be granted under Rule 12(b)(6) and failure to comply with the pleading requirement under Rule 10.

## DISCUSSION

The pleading requirements of the Federal Rule of Civil Procedure are designed to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 252 (4th Cir. 2005) (quoting *Conely v. Gibson*, 355 U.S. 41, 47 (1957)). Courts should be liberal in their construction of *pro se* complaints, but they should not go beyond deciphering the meaning of words written in the complaint to attempt to discern the unexpressed intent of the plaintiff. *Laber v. Harvey*, 438 F.3d 404, 413 (4th Cir. 2006). Liberal construction of the complaint is especially appropriate when a *pro se* plaintiff raises civil rights issues. *Smith v.* Smith, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### Motion to Dismiss

I. INDIVIDUAL DEFENDANTS

The Court first addresses Ms. Campbell's claims against the individual defendants, Joanna Anderson, Amy Hammonds, James McLeod, M.D., Jessica Taylor, Jackie Strickland, Dean Ruth, and Lynn Wheatley (sic). Title VII prohibits employers from discriminating against employees on the bases of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2. The enforcement provision of Title VII allows actions against an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 2000e–5(b). Title VII defines an employer in pertinent part as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e(b). The Fourth Circuit has "expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'" *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999). Individual supervisors do not fit within the definition of an employer. *Lissau v. Southern Food Serv., Inc.,*

159 F.3d 177, 180–81 (4th Cir. 1998). Plaintiff's Title VII claims against all individual defendants must fail as a matter of law, as she has alleged no facts that demonstrate these individuals qualify as employers. Therefore, dismissal as to the individual defendants is appropriate.

II. FAILURE TO STATE A CLAIM

A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds; of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009 ) (citing *Twombly*, 550 U.S. at 555). Similarly, a trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

*A. Disparate Treatment*

In order to establish a prima facie case for disparate treatment under Title VII, plaintiff must show that she belongs to a protected class, was subjected to adverse employment actions, maintained satisfactory job performance, and that similarly employees outside her class received more favorable treatment. *See, e.g., White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004). On a motion to dismiss, the Court may only consider the complaint in its entirety, including any documents incorporated or attached thereto. *E.I. DuPont Nemours & Co. v. Kolon*

*Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Ms. Campbell did not allege her race in the complaint. Moreover, plaintiff has failed to demonstrate that similarly situated employees outside her class received more favorable treatment. Plaintiff merely alleges that employees Jackie Strickland and Jessica Taylor were allowed to work overtime, while she was not. These employees are identified in the complaint as an RN and an LPN, respectively. Ms. Campbell was a clinical assistant. Giving plaintiff's complaint liberal construction and assuming plaintiff meant to identify Strickland and Taylor as nurses, they are not similarly situated employees for purposes of Title VII. As such, Ms. Campbell cannot make out the prima facie case for disparate treatment, and her claim must be dismissed.

*B. Hostile Work Environment*

In order to state a hostile work environment claim under Title VII, a plaintiff must allege that she experienced unwelcome harassment based on her gender, race, or age that was "sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere." *E.E.O.C. v. Xerxes Corp.*, 639 F.3d 658, 668 (4th Cir. 2011) (citations omitted). Further, the Fourth Circuit has recognized that a plaintiff alleging a hostile work environment is required to plead supporting facts to survive a motion to dismiss. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citation omitted). ("While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief.")

Plaintiff complains of denial of overtime, being yelled at by Dr. McLeod, being humiliated by Amy Hammond, and having her computer reviewed. Even viewing the facts as most favorable to Ms. Campbell, the discrete acts complained of do not amount to a workplace that is "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently

4

severe or pervasive to alter the conditions of [plaintiff's] employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations and citation omitted). As such, plaintiff has failed to state a facially plausible claim and her hostile work environment claim must be dismissed.

*C. Retaliation*

Similar to a disparate treatment claim, the elements of a retaliation claim include: (1) engagement in a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the stated adverse employment action. *See, e.g., King v. Rumsfeld*, 328 F.3d 145, 150–51 (4th Cir. 2003). Protected activity involves opposing or participating in an "investigation, proceeding, or hearing" concerning employment practices made unlawful under Title VII. § 2000e–3(a); *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998). Ms. Campbell has not alleged any facts that constitute engagement in any investigation, proceeding, or hearing prior to her termination from Southeast Medical. As plaintiff fails to allege any facts that demonstrate that she engaged in a protected activity, her claim must be dismissed.

## Plaintiff's Motion to Amend

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15. It is within the discretion of the court to allow or deny the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The right to amend is not unfettered, however. "The law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation and citation omitted). A proposed amendment is futile when "it advances a claim or

5

defense that is legally insufficient on its face." *Joyner v. Abbott Labs.*, 674 F.Supp. 185, 190 (E.D.N.C. 1987).

Here, plaintiff's proposed amendments to her complaint do not cure the deficiencies set forth *supra*. Ms. Campbell fails to plead facts supporting her claims. The proposed amendment simply includes missed pages substantially similar to those in the original complaint. Accordingly, the amendment is futile and is denied as such.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 24] is GRANTED. Plaintiff's motion to amend [DE 31] is DENIED AS FUTILE. This matter is DISMISSED in its entirety and the clerk is directed to close the file.

SO ORDERED, this __14__ day of October, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE